UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                    :
NYC VISION CAPITAL, INC., SYEDA MONDAL,                             :
ELIE ISLAM, and WALI MONDAL,                                        :
                                                                    :
                              Plaintiffs,                           :        22-cv-3071 (LJL)
                                                                    :
              -v-                                                   :        OPINION AND ORDER
                                                                    :
C21FC, LLC, ALAN SINGER, ERIC HILLMAN, and                          :
ZACH SINGER,                                                        :
                                                                    :
                              Defendants.                           :
                                                                    :
------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:__7/7/2022__

LEWIS J. LIMAN, United States District Judge:

Plaintiff NYC Vision Capital Inc. ("NYC Vision" or "Franchisee") and its co-owners

Syeda Mondal ("Syeda"), Elie Islam ("Elie"), and Wali Mondal ("Wali," and collectively with

NYC Vision, Syeda, and Elie, "Plaintiffs") bring this action against their franchisor C21FC, LLC

("Franchisor"), its CEO Alan Singer, its CFO Eric Hillman ("Hillman"), and its COO Zach

Singer (together with Franchisor, Alan Singer, and Hillman, "Defendants") asserting claims for

violation of the New York Franchise Sales Act ("NYFSA"), N.Y. Gen. Bus. L. §§ 683.1, 683.8,

687.2, 687.3, 691.1, 691.3, the Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. § 44-1522.A,

common law fraud, common law fraud by omission, negligent misrepresentation, and (against

Franchisor) breach of contract.  *See* Dkt. No. 14.  Plaintiffs seek damages and a declaratory

judgment that NYC Vision owns the "The Eye Man" trademark under which NYC Vision has

been doing business.  Defendants now move, pursuant to 28 U.S.C. § 1404(a), for an order

transferring this case to the United States District Court for the District of Arizona, the Court in

which Defendants commenced a later-filed action against Plaintiffs.  *See* Dkt. No. 24.

Defendants rely primarily on a forum selection clause in the franchise agreement. For the reasons that follow, the motion is denied.[1]

## BACKGROUND

NYC Vision is a New York corporation with its principal place of business at 2264 Broadway, New York, NY. Dkt. No. 14 ¶ 7. Syeda, Elie, and Wali are co-owners of NYC Vision Capital. *Id.* ¶¶ 8–10. Franchisor is a Delaware limited liability company with its principal place of business in Phoenix, Arizona engaged in the business of franchising retail optical stores. *Id.* ¶¶ 3, 11. Alan Singer is the CEO of the Franchisor, *id.* ¶ 12, Hillman is its CFO, *id.* ¶ 13, and Zach Singer is its COO, *id.* ¶ 14.

The dispute arises out of Defendants' offer and sale of a The Eye Man franchise to Plaintiffs in 2021. *Id.* ¶¶ 1, 54. Franchisor had the rights to sell Century 21 Vision Express optical franchises, which were retail optical stores to be operated inside Century 21 department stores. *Id.* ¶ 18. After the Century 21 chain of department stores went out of business in September 2020 and Century 21 filed for bankruptcy, Plaintiffs elected to have Franchisor apply the franchise fee that they paid to Franchisor to a retail optical store located in Manhattan that Franchisor would purchase and then sell to Franchisee as a turnkey franchise opportunity. *Id.* ¶ 23, 48. On June 29, 2021, Franchisee signed a franchise agreement ("the Franchise Agreement") with Defendants to operate a The Eye Man franchise. *Id.* ¶ 55. Section 17.11 of the Franchise Agreement contains the forum selection clause at issue, which states:

---

[1] On July 6, 2022, the parties jointly submitted a letter "requesting a short adjournment for the time to reply" to the pending motion to transfer this case. Dkt. No. 30. Pursuant to the Southern District of New York's Local Civil Rule 6.1, reply memoranda of law "shall be served within seven days after service of the answering papers." S.D.N.Y. Local Civ. R. 6.1(b). Answering papers in response to the motion to transfer were served on June 23, 2022. Dkt. No. 28. The request for an adjournment for the time to reply made on July 6, 2022 was made after the time to serve a reply had expired and is therefore untimely.

> [Franchisee] agree[s] that [Franchisor] may institute any action against
> [Franchisee] arising out of or relating to this Agreement (which is not required to
> be arbitrated hereunder or as to which arbitration is waived) in any state of federal
> court of general jurisdiction in Maricopa County, Arizona, and [Franchisee]
> irrevocably submit[s] to the jurisdiction of such courts and waive[s] any objection
> [Franchisee] may have to either the jurisdiction or venue of such court.

Dkt. No. 24-1 at 33. Franchisor signed an asset purchase agreement ("the Asset Purchase

Agreement") with The Eye Man Ltd. on July 13, 2021, to purchase the store and its intangible

and tangible assets which—as a result of the requirement of the financing bank—ultimately was

signed by Franchisee. *Id.* ¶¶ 58–59. Thereafter, disputes arose between the parties including

regarding the performance of the franchise and the lease Defendants negotiated for Franchisee'

The Eye Man location. Plaintiffs allege that Defendants knowingly and willfully made false

representations of material fact about the franchise and omitted material information required to

be disclosed, including providing Plaintiffs with misleading financial performance

representations, omitting information required to be disclosed about the franchise's financial

performance, making false representations that the franchise was registered in the State of New

York, and knowingly misrepresenting that it was the owner of various assets it did not own

including The Eye Man trademark. *Id.* ¶ 1.

Plaintiffs filed the complaint in this District on April 13, 2022. Dkt. No. 1. On April 19,

2022, Plaintiffs filed a second amended complaint (the "Complaint"), which—as stated—alleges

three counts for violations of the NYFSA, one count for a violation of the Arizona Consumer

Fraud Act, and claims for common law fraud, common law fraud by omission, negligent

misrepresentation, and breach of contract. Dkt. No. 14. On April 29, 2022, Defendants brought

an action against Plaintiffs in the United States District Court for the District of Arizona alleging

that Plaintiffs (defendants in the Arizona action) breached the Franchise Agreement and violated

the covenant of good faith and fair dealing, including by not paying franchise fees owed and by

opening a new store with The Eye Man mark.  In the Arizona action, Defendants also seek

declaratory relief regarding the ownership of the trademark, seek to foreclose on a lien granted in

the Franchise Agreement, and allege that defendants are infringing on their trademark and that

they are entitled to reformation of the Asset Purchase Agreement that Plaintiffs here signed with

the prior owner of The Eye Man store to name Defendants as the purchaser of the Eye Man

Ltd.'s intangible assets instead of Plaintiffs.  Dkt. No. 24-2 ¶¶ 102–105, 107–108, 110–113, 115–

117.

## DISCUSSION

Section 1404(a) of Title 28 gives the district court discretion to transfer a civil action to

any district in which it might have been brought or to any district to which all parties have

consented "[f]or the convenience of parties and witnesses."  28 U.S.C. § 1404(a).  To determine

whether transfer is appropriate, the Court applies a two-step inquiry.  First, it determines

"whether the action could have been brought in the proposed transferee court."  *See Inventel*

*Prods. LLC v. Penn LLC*, 2017 WL 818471, at *2 (S.D.N.Y. Feb. 28, 2017) (Nathan, J.).

Second, the Court "'balance[s] the private and public interests,' to determine whether transfer is

warranted '[f]or the convenience of parties and witnesses, [and] in the interest of justice.'" *Id.* at

*2 (alteration in original) (first quoting *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir.

2004); and then quoting 28 U.S.C. § 1404(a)).  "Among the factors to be considered in

determining whether to grant a motion to transfer venue 'are, *inter alia*: (1) the plaintiff's choice

of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative

ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts,

(6) the availability of process to compel the attendance of unwilling witnesses, and (7) the

relative means of the parties.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d

102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d

Cir. 2006)).  "[T]he party requesting transfer carries the 'burden of making out a strong case for

transfer.'"  *Id.* at 114 (quoting *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865

F.2d 513, 521 (2d Cir. 1989)).  Accordingly, "district courts in our Circuit have consistently

applied the clear and convincing evidence standard in determining whether to exercise discretion

to grant a transfer motion," *id.* (collecting cases), and operate with considerable discretion, *see*

*Forjone v. California*, 425 F. App'x 73, 74 (2d Cir. 2011) (summary order) ("The determination

whether to grant a change of venue requires a balancing of conveniences, which is left to the

sound discretion of the district court." (quoting *Filmline*, 865 F.2d at 520)).

However, where the parties have signed a valid mandatory forum selection clause, the

discretionary language of the statute becomes nearly mandatory, and the district court must

transfer the case to the forum specified in the clause except "under extraordinary circumstances."

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013) (applying

principle to a contract that sated that all disputes between the parties "shall be litigated in the

Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern

District of Virginia, Norfolk Division").  "[W]hen a plaintiff agrees by contract to bring suit only

in a specified forum—presumably in exchange for other binding promises by the defendant—the

plaintiff has effectively exercised its 'venue privilege' before a dispute arises."  *Id.* at 63–64.  To

determine "whether to dismiss a claim based on a forum selection clause, [the Court employs] a

four-part analysis": (1) "whether the clause was reasonably communicated to the party resisting

enforcement"; (2) whether the clause is "mandatory or permissive, i.e., . . . whether the parties

are *required* to bring any dispute to the designated forum or simply *permitted* to do so"; and (3)

"whether the claims and parties involved in the suit are subject to the forum selection clause."

*Phillips v. Audio Active Ltd.,* 494 F.3d 378, 383 (2d Cir. 2007).  "If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable."  *Id.*  A party can overcome this presumption only by (4) "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (quoting *Phillips*, 494 F.3d. at 383–84); *see also Zeta Glob. Corp. v. Maropost Mktg. Cloud, Inc.*, 2021 WL 1668134, at *2 (S.D.N.Y. Apr. 28, 2021); *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 342–43 (S.D.N.Y. 2020).

"In answering the *interpretive* questions posed by parts two and three of the four-part framework, [the Court applies] the body of law selected in an otherwise valid choice-of-law clause."  *Martinez*, 740 F.3d at 217–18.  "A permissive forum selection clause 'only confers jurisdiction in the designated forum, but does not deny plaintiff his choice of forum, if jurisdiction there is otherwise appropriate.'"  *Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) (quoting *Phillips*, 494 F.3d at 286).  Mandatory forum selection clauses, on the other hand, require that disputes *must* be brought in the designated forum, to the exclusion of all other fora where jurisdiction may also lie.  "A forum selection clause is considered mandatory where: (1) 'it confers exclusive jurisdiction on the designated forum' or (2) 'incorporates obligatory venue language.'"  *Glob. Seafood Inc.*, 659 F.3d at 225 (quoting *Phillips*, 494 F.3d at 286).  Thus, "[w]hether a clause is mandatory or permissive turns on whether the parties are required to bring any dispute to the designated forum or simply permitted to do so."  *du Quenoy v. Am. Univ. of Beirut*, 2019 WL 4735371, at *4 (S.D.N.Y. Sept. 27, 2019), *aff'd*, 828 F. App'x 769 (2d Cir. 2020) (citing *Martinez*, 740 F.3d at 217).  "Forum-

selection clauses are mandatory when they require that disputes be heard *exclusively* in a particular forum, and permissive when they simply confer jurisdiction on that forum." *Gen. Elec. Cap. Corp. v. Cutler*, 2015 WL 7444627, at *3 (S.D.N.Y. Nov. 23, 2015).

Defendants' motion to transfer venue turns on the language of Section 17.11 of the Franchise Agreement.  That section provides:

> You agree that we may institute any action against you arising out of or relating to this Agreement (which is not required to be arbitrated hereunder or as to which arbitration is waived) in any state of federal court of general jurisdiction in Maricopa County, Arizona, and you irrevocably submit to the jurisdiction of such courts and waive any objection you may have to either the jurisdiction or venue of such court.

Dkt. No. 24-1 at 33.

The forum selection clause clearly is permissive.  "Forum selection clauses lacking any clear exclusionary or obligatory language—i.e., 'specific language of exclusion'—are … permissive and not subject to a presumption of enforceability." *Glob. Seafood Inc.*, 659 F.3d at 225 (quoting *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d. 51, 53 (2d Cir. 1994)).  The provision here neither confers exclusive jurisdiction on the designated forum in Maricopa County, Arizona, nor incorporates obligatory venue language. *See Gen. Elec. Cap. Corp. v. Cutler*, 2015 WL 7444627, at *3.  The use of the permissive word "may" signals that the Franchisor has discretion whether to bring an action in Maricopa County, Arizona.  *See S & L Birchwood, LLC v. LFC Cap., Inc.*, 752 F. Supp. 2d 280, 283 (E.D.N.Y. 2010) (stating that when a clause is permissive it "usually provides only that a designated forum "may" serve as the forum for disposition of disputes"); *Com Sys., Inc. v. Nahmad*, 924 F.2d 1062 (9th Cir. 1991) ("The clause at issue here uses the permissive, rather than mandatory, language 'may.'").  It "*empowers* the [Arizona] courts to adjudicate this matter, it does not indicate that [Arizona] is the *exclusive* or the only appropriate forum where the case may be heard." *Credit*

7

*All. Corp. v. Crook*, 567 F. Supp. 1462, 1465 (S.D.N.Y. 1983). Franchisor need not bring suit in Arizona. More important, it does not restrict the jurisdictions in which Plaintiffs may bring suit. "'When a forum selection clause specifies only the jurisdiction, "the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive."'" *GMAC Com. Mortg. Corp. v. LaSalle Bank Nat. Ass'n*, 242 F. Supp. 2d 279, 282 (S.D.N.Y. 2002) (quoting *Congress Fin. Corp. v. Bortnick*, 2000 WL 1634248, at *1 (S.D.N.Y. Oct. 31, 2000)); *see also Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*, 507 F. Supp. 3d 1148, 1158–59 (D. Ariz. 2020) (noting that "[a] mandatory forum selection clause requires litigation to proceed in a particular jurisdiction, while a permissive forum selection clause simply bestows jurisdiction to that forum" and that "[w]hen a forum selection clause is permissive, 'the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive'" (first citing *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1989); and then quoting *Docksider, Ltd. v. Sea Tech.*, 875 F.2d 762, 764 (9th Cir. 1989))).

The remaining language of the provision does no more than make effective Franchisor's right to sue Franchisee in Arizona. Thus, Franchisee cannot argue that venue is improper under 28 U.S.C. § 1391(b) or that a lawsuit brought in Arizona must be dismissed or transferred under 28 U.S.C. § 1406(a). *See Atl. Marine Const. Co., Inc.*, 571 U.S. at 56–58. The provision does not, however, limit where Franchisee can sue or preclude Franchisee from arguing that, while jurisdiction and venue lie in Arizona, such forum is inappropriate or inconvenient. Nothing in the language of the provision reflects an agreement that Arizona will be a convenient forum or prevents Franchisee from arguing that while venue might lie in Arizona, the dispute should be resolved in the more convenient forum of New York. In that sense, the agreement is

meaningfully different from that the court considered in *Akers Biosciences, Inc. v. Martin*, 2015 WL 1054971, at *4 (S.D.N.Y. Mar. 10, 2015) (Nathan, J). The agreement there provided both that the parties would "submit to the *nonexclusive jurisdiction* of any state or federal court sitting in the State of New York for the purpose of any Action arising out of or relating to this Agreement" but also that the parties "*irrevocably waive* . . . any claim . . . that the Action is brought in an inconvenient forum" or "that the venue of the Action is improper." *Id.* at *1 (internal quotation marks omitted). In that circumstance, the court held that while the language regarding "nonexclusivity" was facially permissive, the provision as a whole operated as a mandatory forum section clause because it "'combine[d] permissive forum selection language with an express waiver of venue objections.'" *Id.* (quoting *Eastman Chem. Co. v. Nestle Water Mgmt. & Tech.*, 2011 WL 4005345, *2 (S.D.N.Y. Aug.29, 2011)). The agreement here tellingly omits any such language precluding Franchisee from arguing that the Arizona forum is inconvenient.[2]

---

[2] The cases cited by Defendants are distinguishable. Each of them involves language reflecting that litigation "shall" be brought in the chosen forum and/or that the jurisdiction of that forum was "exclusive." *See Romac Env't Servs., LLC v. Wildcat Fluids, LLC*, 2020 WL 7371115, at *4 (W.D. La. Sept. 16, 2020), *report and recommendation adopted*, 2020 WL 7379918 (W.D. La. Dec. 15, 2020) (forum selection clause stated that "[t]he parties agree that the proper venue for any legal disputes under this Agreement shall be the 15th Judicial District Court for the Parish of Lafayette, Louisiana or the U.S. District Court, Western District of LA, Lafayette-Opelousas division. The parties consent to personal Jurisdiction of said courts"); *Dixie Elec., LLC v. Jarwin*, 2017 WL 8727481, at *4–5 (W.D. Tex. June 20, 2017) (forum selection clause stated that employer and employee "consent to the exclusive jurisdiction of the state and federal courts located in Midland, Midland County, Texas as well as to the jurisdiction of all courts of which an appeal may be taken from such courts"); *Universal Operations Risk Mgmt., LLC v. Glob. Rescue LLC*, 2012 WL 2792444, at *2 (N.D. Cal. July 9, 2012) (forum selection clause was mandatory where it stated that the parties "irrevocably and unconditionally consent to the sole and exclusive jurisdiction of the courts of Massachusetts and the United States District Court located in Massachusetts"); *Automated Sols., Inc. v. Fadal Machining Centers, LLC*, 2011 WL 2182457, at *1 (D. Idaho June 6, 2011) (forum selection clause stated that any action "shall be initiated and prosecuted . . . solely and exclusively in the United States District Court, Eastern District, State

Because the forum selection clause is permissive, the "normal forum non conveniens analysis is applicable here." *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 980 (2d Cir. 1993); *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009). "[I]t is unnecessary to apply the . . . heightened scrutiny standard for mandatory forum-selection clauses.'" *Indian Harbor Ins. Co. v. NL Env't Mgmt. Servs., Inc.*, 2013 WL 1144800, at *7 (S.D.N.Y. Mar. 19, 2013) (quoting *Bombardier Capital Inc. v. Soloman,* 2000 WL 1721138 at *4 (S.D.N.Y. Nov. 17, 2000)).

Defendants have not satisfied their burden or made a strong showing for transfer under Section 1404(a). Both Plaintiff's choice of forum and this choice's corollary, the first-filed doctrine, strongly weigh in favor of the maintenance of venue in this Court.

Under the law of this Circuit, "a plaintiff's choice of forum is presumptively entitled to substantial deference," for "our legal system has traditionally deferred to the plaintiff's choice of forum." *Gross*, 386 F.3d at 230 (citing *Iragorri v. United Techs Corp.*, 274 F.3d 65, 70–71 (2d Cir. 2001) (*en banc*)). When a plaintiff has chosen to sue in a venue where Congress has permitted the plaintiff to sue, that decision "is given great weight." *D.H. Blair*, 462 F.3d at 107. Thus, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *see also In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995) (plaintiff's choice of forum is "entitled to

---

of Wisconsin"); *Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc.*, 666 F. Supp. 2d 366, 368 (S.D.N.Y. 2009) (forum selection clause was mandatory where it provided that "the Insured and Underwriters irrevocably consent to the jurisdiction of the United States District Court and the State courts of New York, [and] agree that any action relating to any dispute under this Policy shall only be brought in said courts"); *Megadance USA Corp. v. Knipp*, 623 F. Supp. 2d 146, 148 (D. Mass. 2009) (forum selection clause stated that "the appropriate forum for any disputes would be the one closest to the place of business of Plaintiffs, which in this case is Massachusetts").

substantial consideration") (citation omitted); *In re Bystolic Antitrust Litig.*, 2021 WL 148747, at *2 (S.D.N.Y. Jan. 15, 2021).

The first-filed doctrine makes that rule effective by, as a general matter, preventing a defendant from defeating plaintiff's choice of forum though the expedient of filing a successive suit elsewhere.[3]  There is a general presumption that "where there are two competing lawsuits, the first suit should have priority, absent the showing of a balance of convenience . . . or . . . special circumstances . . . giving priority to the second."  *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989); *see also Motion Picture Lab'y Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986).

Even absent the first-filed doctrine, the balance in this case indicates that the Plaintiff's choice of the New York forum should not be disturbed.  There is no reason to believe that Plaintiffs' choice of the New York forum was the product of forum shopping, *see Motion Picture Lab'y Technicians*, 804 F.2d at 19, or was illegitimately strategic, *see Bloomberg Fin. L.P. v. UBS AG*, 358 F. Supp. 3d 261, 267–68 (S.D.N.Y. 2018).  There are significant ties to New York here.  The lawsuit involves the purchase of a retail eyewear store located in this District by a company which is incorporated in New York, has its principal place of business in New York, and is operated by persons who are located nearby New York.  New York does not have just a "slight connection" to the dispute.  *See Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 434 (S.D.N.Y. 2018) ("Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice." (internal quotation marks and citation omitted)); *cf. Flood v.*

---

[3] Defendants' argument that a mandatory forum selection clause prevails over the first-to-file rule is moot given the permissive nature of the forum selection clause at issue.

*Carlson Rests. Inc.*, 94 F. Supp. 3d 572, 576 (S.D.N.Y. 2015) ("[Plaintiff's] claims arose from his employment in this District, which mitigates any inference of forum shopping and entitles his choice of forum to deference."). There is no evidence that this forum was chosen with the objective to achieve "perhaps justice blended with some harassment" or as part of "a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself." *Gulf Oil Corp.*, 330 U.S. at 507.

The only facts that Defendants offer in support of the transfer of venue is that one defendant (Alan Singer) is a resident of Arizona, Dkt. No. 24 at 3, and that the Franchise Agreement is governed by Arizona law, *id.* at 6. Defendants also argue that the parties' agreement that Arizona would have venue should be given some weight. Defendants offer no evidence regarding the convenience of witnesses generally or of the parties, the location of relevant documents and relative ease of access to sources of proof, the locus of operative facts, the availability of process to compel the attendance of unwilling witnesses, or the relative means of the parties. *See, e.g.*, *Dyson, Inc. v. Maytag Corp.*, 2006 WL 2884921, at *2 (S.D.N.Y. Oct. 11, 2006) (upholding plaintiff's choice of forum because defendants did not make "a clear and convincing showing that the balance of convenience favors defendants' choice [of forum]").

Defendants' arguments are not sufficient to support the transfer of venue from this District. First, although Alan Singer may be a resident of Arizona, none of the Plaintiffs are residents of that state. Elie Islam is a resident of New Jersey and is married to Shafi Karim, the manager of the business; from the amended complaint, both appear to be important witnesses in the case. Syeda and Mondal are both residents of California. Dkt. No. 14 ¶¶ 8–10. Although Arizona might be a more convenient venue for Alan Singer, "[t]he convenience of the parties becomes a neutral factor in the transfer analysis if transferring venue would merely shift the

inconvenience to the other party." *IDT Domestic Telecome, Inc. v. Estrella Telecom, Inc.*, 2010 WL 1047648, at *3 (S.D.N.Y. Mar. 19 2010); *see Garnish & Gather, LLC v. Target Corp.*, 2019 WL 6729152, at *2 (S.D.N.Y. Dec. 11, 2019); *Berger v. Cushman & Wakefield of Pennsylvania, Inc.*, 2013 WL 4565256, at *4 (S.D.N.Y. Aug. 28, 2013); *Williams v. Frank Martz Coach Co.*, 2014 WL 2002853, at *6 (E.D.N.Y. May 14, 2014); *Gerson v. Lurie*, 2013 WL 444013, at *2 (E.D.N.Y. Feb. 1, 2013).[4]  Moreover, while Arizona law governs the Franchise Agreement, Plaintiffs assert only a single claim for breach of contract and only against Franchisor.  The nub of the Complaint are the claims for violation of New York law in connection with the sale of a franchise in New York and common law fraud.  Additionally, this Court is capable of construing Arizona law. *See Starr Indem. & Liab. Co.*, 324 F. Supp. 3d at 441 (noting that "[a] court's familiarity with the governing law is generally given little weight, as 'federal courts commonly apply state substantive law, which may not be the law of the state in which the federal court sits'" (quoting *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 620–21 (S.D.N.Y. 2016)).  The parties' agreement that Arizona law will govern the interpretation of that Franchise Agreement does not constitute an agreement that Arizona courts will adjudicate the dispute.[5]  *See Saraswat v. Jayaraman*, 2016 WL 11447847, at *4 (E.D.N.Y. July 25, 2016),

---

[4] The complaint also alleges that Zach Singer is a resident of Arizona and that Franchisor (a Delaware LLC) has its principal place of business in Arizona, Dkt. No. 14 ¶¶ 11, 14, but Plaintiff itself is a New York corporation with its principal place of business in New York, *id.* ¶ 7. Franchisor's principal place of business and Zach Singer's residence are not sufficient to require transfer of venue for the same reasons that Alan Singer's residence does not support that transfer.

[5] The franchise agreement specifies that Arizona state law governs the agreement and franchise "*without reference to [the agreement's] choice of law and conflict of law rules.*" Dkt. No. 24, Ex. B, p. 32 (emphasis added). This phrase typically bars a future argument from either party that choice of law or conflict of laws principles require a court to apply the laws of a jurisdiction other than the express jurisdiction of governing law.  *See Turtur v. Rothschild Registry Int'l., Inc.*, 26 F.3d 304, 309 (2d Cir. 1994); *see also Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1155 (9th Cir. 2013) (applying New York law "without regard to New York's choice of

*report and recommendation adopted in part, rejected in part sub nom. Saraswat v. Selva*

*Jayaraman, Bus. Integra, Inc.*, 2016 WL 5408115 (E.D.N.Y. Sept. 28, 2016) (holding that

agreement that Maryland laws will govern contract does not prohibit the parties from bringing

suit to enforce the agreement outside of Maryland); *see also Starr Indem. & Liab. Co.*, 324 F.

Supp. 3d at 435–36 ("Although choice of law analysis must conclude that one particular

jurisdiction's law applies, venue analysis may determine that there are several loci of operative

facts." (quoting *Adams v. Key Tronic Corp.*, 1997 WL 1864, at *4 (S.D.N.Y. Jan. 2, 1997)));

*O'Neill v. Stanwood Corp.*, 577 F. Supp. 1001, 1003 (S.D.N.Y. 1984) (emphasizing that

"[c]hoice of law, although relevant, is by no means dispositive of a motion to transfer, especially

where . . . no complex issues of foreign law are presented and the outcome of the case may well

turn on factual rather than legal issues. Certainly, this Court is capable of fairly applying the law

of [Arizona] in the event that such law governs.").

Finally, Defendants' argument that the consent of the parties to venue in Arizona should

be given weight is not sufficient to support a transfer of venue from this District.  The consent of

the parties to venue in Arizona is one of two alternative necessary conditions to the transfer of

venue to Arizona.  28 U.S.C. § 1404(a).  While consent can be necessary to transfer of venue, it

is not dispositive of a *need* for transfer of venue.  It deserves some weight because it "suggests

that, at the time of signing the contract, [Plaintiff] did not consider the possibility of litigating in

[Arizona] to be impermissibly inconvenient."  *Stateline Power Corp. v. Kremer*, 404 F. Supp. 2d

1373, 1380 (S.D. Fla. 2005); S*ee Bloomberg Fin. L.P.*, 358 F. Supp. 3d at 268; *Reliance Ins. Co.*

*v. Six Star, Inc.*, 155 F.Supp.2d 49, 58 (S.D.N.Y. 2001) ("Because the parties agreed that New

---

law principles," as specified in the agreement at issue); *Moses v. Bus. Card Express, Inc.*, 929

F.2d 1131, 1139–40 (6th Cir.), *cert. den.* 502 U.S. 821 (1991).

York courts would have jurisdiction of disputes arising from the denial of claims under the Policy, Defendants have no basis for challenging this forum on the basis that it is inconvenient to the parties.  Although a permissive forum selection clause is entitled to less weight than a mandatory one, the fact that both parties initially accepted the jurisdiction of the courts of New York must count." (alterations and internal quotation marks omitted.))  That weight, however, cannot be controlling lest the authority accorded the district court by Section 1404(a) become mandatory rather than discretionary and the distinction between mandatory and permissive forum selection clauses carefully drawn by both the parties and the caselaw be collapsed.  In the absence of anything more tipping the balance in favor of Arizona, then the permissive forum selection clause does not support transfer from this District.

## CONCLUSION

The motion to transfer is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 24.

SO ORDERED.

Dated: July 7, 2022

     New York, New York

                                      LEWIS J. LIMAN
                           United States District Judge