UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/04/2023
```

-------------------------------------------------------------------X
:
NYC VISION CAPITAL, INC., SYEDA MONDAL,      :
ELIE ISLAM, and WALI MONDAL,                 :
:
               Plaintiffs,      :      22-cv-3071 (LJL)
:
     -v-                       :      ORDER
:
C21FC, LLC, ALAN SINGER, ERIC HILLMAN, and   :
ZACH SINGER,                                 :
:
               Defendants.      :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Before the Court is Defendants' motion to enforce a settlement agreement. *See* Dkt.
No. 70. On May 3, 2023, Plaintiffs submitted a reply affidavit of their former attorney Elliot
Ginsburg. Dkt. No. 74. Defendants move to strike that affidavit because Plaintiffs did not
request leave to file a sur-reply. Dkt. No. 75. The motion is denied. Defendants supporting
memorandum of law sought enforcement of the written settlement agreement based on the four-
factor test annunciated in *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985).
Dkt. No. 70-1 at 6–11. For the first time in their reply, Defendants submitted additional facts not
submitted in connection with their motion: that, during a phone conference on February 22,
2023, Ginsburg (who was then counsel for Plaintiffs) and Defendants reached an agreement on
the remaining disputed issues. *See* Dkt. No. 73 at 2–4. Although Plaintiffs should have moved
to file a sur-reply, the Court has discretion to ignore that procedural error. The sur-reply, which
is limited to addressing the new argument and evidence in Defendants' reply, is appropriate. *See
Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022)
("Courts grant leave to file sur-replies when they address arguments raised for the first time in a
reply brief.").

      The Court will hold a telephonic Status Conference on Monday, May 8, 2023 at
2:00 p.m. to discuss the scheduling of an evidentiary hearing on the motion to enforce the
settlement agreement. At the Status Conference, the parties should be prepared to discuss the
evidence and witnesses that they will present at the hearing. The parties are directed to dial into
the Court's teleconference number at 888-251-2909, Access Code 2123101, and follow the
necessary prompts.

      SO ORDERED.

Dated: May 4, 2023
      New York, New York      _____
                           LEWIS J. LIMAN
                   United States District Judge
```